# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BOIVAE FLEMING,

                Petitioner,

v.

WARDEN HUTCHISON, et al.,

                Respondents.

Case No. 2:20-cv-01983-RFB-EJY

**ORDER**

## I. INTRODUCTION

Petitioner Boivae Fleming filed a *pro se* petition for writ of *habeas corpus* under 28 U.S.C § 2254 (ECF No. 1). This habeas matter is before the Court for initial review under the rules governing § 2254 cases, Petitioner's Motion for Appointment of Counsel (ECF No. 1-4), and Motion to Extend Time to Pay Filing Fee (ECF No. 7). For the reasons discussed below, Fleming's Motion for Appointment of Counsel is granted and his Motion to Extend Time to Pay Filing Fee is denied as moot.

## II. BACKGROUND

Fleming seeks to challenge a 2014 judgment of conviction and sentence imposed by the Eighth Judicial District Court ("state district court"). State of Nevada v. Fleming, C-11-276132.[1] A jury found Fleming guilty of five counts of trafficking in controlled substance, four counts of sale of a controlled substance, one count of possession of a controlled substance with intent to sell, and one count of escape. On July 24, 2014, the state district court entered a judgment of conviction, sentencing Fleming to concurrent terms of 10 years to 25 years for Counts 5 and 9, trafficking in a controlled substance; 6 years to 15 years for Counts 1 and 7, trafficking in a controlled substance; 24 months to 72 months for Count 2, trafficking in a controlled substance; 24 months to 72 months for Counts 3, 8, 10, sale of controlled substance; 19 months to 48 months for Count 4, possession

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

of controlled substance with intent to sell; 4 years to 10 years for Count 11, escape – all sentences to run concurrently with Counts 5 and 9. Petitioner appealed his judgment of conviction and the Nevada Supreme Court vacated in part remanding to the state district court with instructions to vacate the lesser-included offenses of sale of a controlled substance and possession of a controlled substance. On June 24, 2016, the state court entered an amended judgment of conviction.

On February 17, 2017, Fleming filed a state habeas petition seeking post-conviction relief. Following an evidentiary hearing, the state district court denied Fleming's habeas petition. The Nevada Court of Appeals affirmed the denial of the state habeas petition. Fleming initiated his federal habeas action on October 17, 2020 by filing an application to proceed In Forma Pauperis ("IFP") and a petition for writ of habeas corpus. (ECF No. 1.) The Court denied the IFP application and instructed Fleming to pay the filing fee. (ECF No. 5.) A receipt of payment of the filing fee was recorded on December 23, 2020. (ECF No. 6.) Fleming filed a motion to extend time to pay the filing fee on December 23, 2020 (ECF No. 7) and another receipt of payment of the filing fee was recorded on December 29, 2020. (ECF No. 8.)

**III. DISCUSSON**

  **a. Motion for Appointment of Counsel**

Fleming seeks the appointment of counsel to assist him in this habeas action. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointed counsel "when the interests of justice so require"). Id. § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that a denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the Court finds that the appointment of counsel is in the interests of justice. Fleming's petition may raise relatively complex issues. Further, it is unclear whether he will be able to

adequately articulate his claims in proper person with the resources available to him. Therefore, Fleming's motion for appointment of counsel is granted.

### b. Motion to Extend Time to Pay Filing Fee

Fleming requests an extension of time to pay the filing fee due to delays resulting from COVID-19 lockdown procedures. He indicates that he initiated the accounting procedure to pay the filing fee and also arranged to have a family member send a check to pay the filing fee. Receipt of payment of the filing fee was recorded on December 23, 2020, which appears to be from Fleming's family member. (ECF No. 6.) Another receipt of payment of the filing fee was recorded on December 29, 2020. (ECF No. 8.) Because payment of the filing fee has been received, Fleming's motion to extend time is denied as moot.

The Clerk of Court is instructed to refund the December 29, 2020 payment of the $5 filing fee to Fleming. The inmate locator tool on the Nevada Department of Corrections' website, however, reflects that Fleming is no longer located at Southern Desert Correctional Center. The Local Rules of Practice require all parties, including habeas petitioners, to immediately file with the court written notice of any change of address. LR IA 3-1, LR 2-2. Fleming has not filed a notice of change of address. Fleming must update his address by filing a notice of change of address within 45 days of this order to facilitate the return of the $5 filing fee.

**IT IS THEREFORE ORDERED:**

1. Petitioner Boivae Fleming's Motion for Appointment of Counsel (ECF No. 1-4) is GRANTED.
2. Fleming's Motion to Extend Time to Pay Filing Fee (ECF No. 7) is DENIED as moot.
3. Fleming must update his address by filing a notice of change of address within 45 days of this order. Fleming must make the necessary arrangements to have a copy of this order attached to his notice of change of address.
4. The Clerk of the Court is instructed to refund the December 29, 2020 payment of the $5 filing fee to Fleming upon receipt of notice of his change of address.
5. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Fleming or to indicate the office's inability

to represent Fleming in these proceedings. If the Federal Public Defender is unable to represent Fleming, the Court will appoint alternate counsel. The counsel appointed will represent Fleming in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

6. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Fleming at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

7. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

8. The Clerk of Court will send a copy of this order to the pro se petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED this 14th day of May 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE