UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Boivae Fleming,<br><br>              Petitioner<br><br>   v.<br><br>Hutchinson, *et al.*,<br><br>             Respondents | Case No. 2:20-cv-01983-CDS-EJY<br><br>**Order Granting, in part, and Denying, in part, Respondents'<br>Motion To Dismiss**<br><br>[ECF No. 32] |

      This habeas action is brought by Petitioner Boivae Fleming under 22 U.S.C. § 2254. Respondents filed a Motion to Dismiss (ECF No. 32) Claims One, Two, Three, Five, and Six as unexhausted. For the reasons discussed below, Respondents' motion is granted, in part, and denied, in part.

      **I.    Background**

      Fleming challenges a 2014 judgment of conviction and sentence imposed by the Eighth Judicial District Court. ECF No. 31-23. A jury found Fleming guilty of five counts of trafficking in a controlled substance, four counts of sale of a controlled substance, one count of possession of a controlled substance with intent to sell, and one count of escape. *Id.* Fleming appealed and the Nevada Supreme Court vacated in part remanding to the state court with instructions to vacate the lesser-included offenses of sale of a controlled substance and possession of a controlled substance. ECF No. 33-12. On remand, the state court entered an amended judgment of conviction. ECF No. 33-19.

      Fleming filed a *pro se* state habeas petition seeking post-conviction relief as well as three supplemental petitions. ECF Nos. 33-30, 33-36, 33-40, 33-41. Following appointment of counsel and an evidentiary hearing, the state court denied Fleming's state habeas petition. ECF No. 34-24. The Nevada Court of Appeals affirmed the state court's denial of relief. ECF No. 34-44.

      Fleming initiated this federal habeas proceeding *pro se*. ECF No. 1. Following appointment of counsel, Fleming filed his first amended petition raising six grounds for relief.

ECF No. 22. Respondents move to dismiss Claims One, Two, Three, Five, and Six as unexhausted.[1]

## II. Discussion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

"Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard v. Connor*, 404 U.S. 270, 278 (1971). Thus, a petitioner may provide additional facts in support of a claim to the federal habeas court so long as those facts do not fundamentally alter the legal claim that was presented to the state courts. *See, e.g., Vazquez v. Hillery*, 474 U.S. 254, 260 (1986).

"A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014). "[T]his rule allows a petitioner who presented a particular [ineffective assistance of counsel] claim, for example, that counsel was ineffective in presenting humanizing testimony at sentencing, to develop additional facts

---

[1] Respondents, however, withdrew their argument that Fleming failed to exhaust Claim Five after reviewing Fleming's opposition and the state court record. ECF No. 42 at 6.

supporting that particular claim." *Poyson v. Ryan*, 879 F.3d 875, 895 (9th Cir. 2018) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)). However, "[i]t does not mean ... that a petitioner who presented an ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to his claim." *Id.*

  a. Claim Two

In Claim Two, Fleming alleges he had an irreconcilable conflict of interest with his trial counsel and was therefore denied his Sixth Amendment right to effective counsel. ECF No. 22 at 12-16. Fleming asserts that he properly raised this claim on direct appeal. ECF No. 39 at 3-5. He argues that, in his appeal, he relied on the same operative facts, made the same arguments, and cited *Brown v. Craven*, 424 F.2d 1166 (9th Cir. 1970), a case that is about a defendant who became "embroiled in irreconcilable conflict" with his attorney. ECF No. 39 at 4.

Respondents argue that Claim Two is unexhausted because he alleged purely an ineffective assistance of counsel claim on direct appeal and did not allege a substantive claim of conflict of interest, an irreconcilable conflict, or an actual conflict with counsel. ECF No. 42 at 4-5. They assert that although Fleming referred to *Brown* in his appellate brief, he merely highlighted that the facts in *Brown* were analogous. *Id.* at 4. In his request to be restored back to the plea-bargaining stage, Fleming relied on *Lafler v. Cooper*, 566 U.S. 156 (2012), wherein the United States Supreme Court applied *Strickland*[2] to determine whether the petitioner was prejudiced by counsel's deficient performance in advising petitioner to reject the plea offer. Respondents further assert that Fleming relied on case law that applied *Strickland* and *Chronic*.[3]

Claim Two is exhausted. Fleming did not use the precise phrase "irreconcilable conflict" or "conflict of interest" in his brief to the state appellate court, but he quoted *Brown* discussing the similarities between *Brown* and his "continuous difficulties working with any appointed counsel." ECF No. 33-3 at 22. He submitted to the state appellate court "that these facts present more than a mere difference of opinion between appellant and his attorneys' consistent advice." *Id.* at 22. Moreover, Fleming alleged that the state court observed the degradation of his

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).
[3] *United States v. Chronic*, 466 U.S. 648, 659 (1984) (holding that a petitioner need not demonstrate prejudice under *Strickland* when counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing").

attorney-client relationship and discussed how his aunt's conduct affected the attorney-client relationship. *Id.* at 23-24. Fleming presented both the operative facts and the relevant law to the state appellate court for its consideration. Accordingly, Claim Two is exhausted and will proceed.

        b. **Claim Six**

In Claim Six, Fleming alleges that the state court violated Fleming's due process rights by denying the release of an internal affairs file related to his case. ECF No. 22 at 22-25. Fleming asserts that he raised this claim during his post-conviction appeal proceedings. *Id.* On appeal of the denial of his post-conviction habeas petition, the Nevada Court of Appeals held:

> Fleming also claims the district court erred by denying his postconviction "Motion for Release of Personnel Records Including Internal Affairs Files of Testifying Officers, Alternatively In Camera Inspection of Internal Affairs Officers Files by District Court." The burden is on the appellant to provide this court with an adequate record enabling this court to review assignments of error asserted on appeal. NRAP 30(b)(3); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980).
>
> Here, the district court held a hearing on Fleming's motion and ordered it denied. Fleming did not provide this court with a transcript of the hearing. Without the transcript, we are unable to review the district court's reasons for denying the motion. Accordingly, we conclude that Fleming has failed to overcome the presumption that the district court did not commit error in its ruling. *Cf. Lee v. Sheriff of Clark Cty*, 85 Nev. 379, 380-81, 455 P.2d 623, 624 (1969).

ECF No. 34-33 at 4-5.

Respondents argue that Claim Six is unexhausted because he presented the claim in a procedural context in which the state appellate court could not consider the merits of the claim. ECF No. 42 at 6-8. They assert that properly presenting a claim to Nevada appellate courts includes complying with state procedural rules, such as providing transcripts of relevant court proceedings. *Id.* at 6-7. Fleming argues that despite the state appellate courts' ruling on procedural grounds, he exhausted the claim because he gave the court the opportunity to consider the claim. ECF No. 39 at 8.

I find that Fleming has not exhausted Claim Six. Fleming did not provide the Nevada Court of Appeals with the record needed for the court to make a decision on the issue because he did not provide a transcript of the state court hearing. Fleming presented the claim to the Nevada Court of Appeals in a procedural context in which the court would not consider the

4

merits of the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion is not satisfied where the claim has been presented in which its merits will not be considered unless there are special and important reasons therefor). The Nevada Court of Appeals declined to review the claim and there was no inference that a merits review occurred. Accordingly, the state appellate court was not given a fair opportunity to evaluate the merits of the claim.

### c. Ruling on Claims One and Three are deferred.

Fleming acknowledges that Claims One and Three were not presented to the state courts but argues the claims are technically exhausted as he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default. (ECF No. 39 at 9-17.) A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *See Castille*, 489 U.S. at 351; *see also Dickens*, 740 F.3d at 1317 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding … and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the

purposes of applying the *Martinez* rule.[4] *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective assistance of trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241. Determination of the second prong—whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *See id.* A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

Here, it is clear that Fleming would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, NRS 34.726, 34.810. Fleming advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claims. I thus read Fleming's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of trial counsel claims would be *Martinez*, and will consider said claims technically exhausted on that basis.

---

[4] The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar pursuant to Nevada law. *Brown v. McDaniel*, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014) (en banc). Thus, a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Respondents request deferring ruling on whether Claims One and Three are procedurally defaulted given the fact-intensive nature of the claims and Fleming's cause and prejudice arguments. (ECF No. 42 at 8.) I agree that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, I will defer a determination on whether Fleming can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss Claims One and Three is denied without prejudice. Respondents may renew the procedural default argument as to these claims in their answer.

### III. Options for a Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, I find Fleming has not exhausted Claim Six.

Because Fleming's petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of Claim Six; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust Claim Six; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust Claim Six.

### IV. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 32) is **GRANTED, in part, and DENIED, in part,** as follows:

    a. Claim Two is exhausted.

    b. Claim Six is unexhausted.

    c. I defer consideration of whether Fleming can demonstrate cause and prejudice under *Martinez* to overcome the procedural default of Claims One and Three until the time of merits review. Respondents may assert the procedural default argument with respect to Claims One and Three in their answer.

It is further ordered that within 30 days of entry of this order, Fleming must either: (1) file a motion to dismiss seeking partial dismissal of only Claim Six; (2) file a motion to dismiss the

entire petition without prejudice in order to return to state court to exhaust Claim Six; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust Claim Six.

It is further ordered that failure to timely comply with this order will result in dismissal of Fleming's mixed petition without further advanced notice.

DATED: June 7, 2023

_____
Cristina D. Silva
United States District Judge