UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Boivae Fleming,<br><br>    Petitioner<br><br>v.<br><br>Hutchinson, *et al.*,<br><br>    Respondents | Case No. 2:20-cv-01983-CDS-EJY<br><br>**Order Granting Petitioner's Motion to Stay Case**<br><br>[ECF No. 45] |

This habeas matter is before me on petitioner Boivae Fleming's unopposed motion to stay. ECF No. 45. Fleming challenges his 2014 judgment of conviction and sentence imposed in the Eighth Judicial District Court, Clark County, Nevada. I granted respondents' motion to dismiss, in part, finding Claim Six unexhausted. ECF No. 44. Fleming seeks a stay and abeyance to exhaust Claim Six in state court.

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d

654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

Fleming argues that good cause exists because he was reasonably confused as to whether Claim Six was exhausted. Fleming presented his claim in state court, but the court did not reach the merits of his claim because he did not attach a transcript. I find that Fleming has established good cause exists for his failure to exhaust in state court. I further find that the unexhausted grounds are not "plainly meritless," and that Fleming has not engaged in intentionally dilatory litigation tactics. Accordingly, I will grant Fleming's motion for stay and abeyance.

It is therefore ordered that petitioner's unopposed motion to stay **[ECF No. 45] is granted**.

It is further ordered that this action is STAYED pending exhaustion of the unexhausted Claim Six.

It is further ordered that the grant of a stay is conditioned upon Fleming filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court within forty-five (45) days of entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[1]

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

It is further ordered that, with any motion to reopen filed following completion of all state court proceedings pursued, Fleming: (a) shall attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if Fleming intends to amend the federal petition, shall file a motion for leave to amend along with the proposed amended petition or a motion for extension of time to move for leave.

It is further ordered that the Clerk of Court shall ADMINISTRATIVELY CLOSE this action until such time as I grant a motion to reopen the matter.

It is further ordered that I will reset the briefing schedule upon reopening the case and lifting the stay.

DATED: July 14, 2023

_____
Cristina D. Silva
United States District Judge

3